UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VAZQUEZ GARCIA and BRAULIA PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>COLDLINER EXPRESS, INC., MARCI HINTON, DANIEL H. CARSON, and DOES1-100, inclusive,<br><br>Defendants. | No. 2:18-cv-02222 TLN AC<br><br>ORDER |

    Pending before the court is plaintiff's motion to quash a third party subpoena. ECF No. 53. This discovery matter was referred to the undersigned pursuant to E.D. Cal. R. ("Local Rule") 302(c)(1). The motion was heard on the papers and without oral argument. ECF No. 59.

    Local Rule 251 establishes requirements for any party bringing a motion pursuant to Federal Rules of Civil Procedure 26 through 37, including the requirements that the parties meet and confer and file a joint discovery statement. Here, a joint discovery statement has not been filed. Additionally, defendants assert that plaintiff Garcia and his counsel have made no attempt to meet and confer either by telephone or video conference. ECF No. 57 at 1-2. Plaintiff's counsel confirms this in his declaration by stating that meet and confer efforts took place "via email." ECF No. 53 at 2. The undersigned's standing orders are clear that this is not sufficient;

1

they read: "Judge Claire strictly enforces meet and confer requirements.  Written correspondence between the parties, including email, is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b).  Prior to the filing of a Joint Statement, the parties must confer in person or via telephone or video conferencing in an attempt to resolve the dispute."[1]

      Because plaintiff, the moving party, did not satisfy Local Rule 251(b)'s meet and confer requirement and 251(c)'s joint discovery statement requirement, the motion to compel discovery will be denied without prejudice.  See e.g., U.S. v. Molen, 2012 WL 5940383, at *1 (E.D.Cal. Nov. 27, 2012) (where a party fails to comply with Local Rule 251, discovery motions are denied without prejudice to re-filing).

      For the reasons state above, IT IS HEREBY ORDERED that plaintiff's motion to quash (ECF No. 53) is DENIED without prejudice to re-filing in compliance with all Local and Federal Rules.

      IT IS SO ORDERED.

DATE: October 19, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] http://www.caed.uscourts.gov/caednew/assets/File/Judge%20Claire%20Standing%20Order_%20March%202021.pdf